[1]**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,                       Criminal No. 00-375 (DWF/RLE)

         Plaintiff,

                                                                **ORDER**

v.

Edward Ross Bergren,

         Defendant.

The Court is in receipt of Defendant Edward Ross Bergren's ("Bergren") Motion to Request and Allow Reply to Government Response to Motion to Reduce Sentence. (Doc. No. 95 ("Request").) On April 3, 2020, Bergren filed a Motion to Reduce Sentence pursuant to 18 U.S.C. 3582(c), based on the incapacitation of the caregiver of his minor child. (Doc. No. 86 ("Motion").) The United States of America (the "Government") opposed the Motion on April 10, 2020. (Doc. No. 89 ("Govt. Opp.").) The Court denied Bergren's Motion on April 16, 2020 ("Denial").[1]  Bergren filed his Request one day after the Court issued its Denial. While the Court grants Bergren's Request to consider his reply, it does not alter the Court's decision to deny his Motion.

In its Denial, the Court found that it lacked authority to consider Bergren's Motion because Bergren failed to satisfy the unambiguous exhaustion requirement set forth in

---

[1]    The Court assumes familiarity with this matter; however, the factual background matter is clearly and concisely set forth in its Court's Denial and is incorporated here by reference. (*See* Denial.)

18 U.S.C. § 3582(c)(1)(A).  (Denial at 7-8).  The Court also clearly stated that even if it had jurisdiction over the matter, the Court would deny the Motion on the merits because it found that Bergren did not present an extraordinary and compelling circumstance to warrant release and because § 3553(a) factors counsel against it.  (*Id.* at 8.)

Bergren now reiterates that there are exceptions to the exhaustion requirement and asserts that because Bergren is not in federal custody, there are no administrative remedies available to him and therefore none to exhaust.  (Request at 2-7.)  Bergren contends "[w]hen the focus of the court's decision is on whether extraordinary and exceptional circumstances exist, the constantly changing facts about the COVID-19 pandemic need to be considered" and "[t]o require re-exhaustion of the new facts that are constantly arising would leave prisoners without the ability to seek relief from the court."  (*Id.* at 7.)  Accordingly, Bergren argues that his circumstances clearly warrant an exception to the exhaustion requirement because "there is no guarantee when or if [he] will have access to administrative remedies."  (*Id.*)

Bergren also reasserts his argument that compassionate release is appropriate based on his need to care for his minor child ("Child").  (*Id.* at 9-10.)  He objects to the Government's suggestion that an alternate caregiver for Child exists, reiterates his concern for Child's safety and well-being, and reasserts that he has actively worked to maintain his parental role and to improve his ability to parent while in prison.  (*Id.*)  Moreover, Bergren contends that his lengthy state sentence properly accounted for his offense severity and criminal history.  (*Id.* at 10.)  Accordingly, he argues that he is suitably rehabilitated, and additional prison time is unwarranted.  (*Id.* at 10-12.)  Finally,

Bergren asserts that any sentencing disparity that results from granting him compassionate release is warranted in light of his compelling and extraordinary circumstances.  (*Id.* at 12.)

The Court confirmed with the United States Marshall's Service that Bergren is scheduled for transfer to a BOP facility this week.  Accordingly, the Court reasserts that "[b]ecause Bergren will soon be in federal custody, the Court lacks authority to consider his Motion until he asks his warden to release him or he has exhausted his administrative rights."  (Denial at 7-8.)  Moreover, the Court reiterates that even if it had jurisdiction over the matter, the Court also denies Bergren's Motion on the merits.  (*Id.* at 8.)  While the Court understands Bergren's desire to care for his Child, and once again commends him for his commitment to rehabilitation, the Court finds that Bergren's Request simply does not change the Court's analysis and conclusion that Child has a working safety plan and that § 3553(a) factors counsel against release.  (*See* Denial at 8.)  Accordingly, the Court affirms its Denial.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Edward Ross Bergren's Motion and Request to Allow Reply to Government Response to Motion to Reduce Sentence pursuant to18 U.S.C. 3582(c) (Doc. No. [95]) is **GRANTED** to the extent that the Court has fully considered his reply.  Notwithstanding, the Court finds no reason to depart from and does

4

not alter its April 16, 2020 Order (Doc. No. [94]) **DENYING** Bergren's Motions to Reduce Sentence (Doc. No. ([86])).

Dated:  April 20, 2020               <u>s/Donovan W. Frank</u>
                                     DONOVAN W. FRANK
                                     United States District Judge