UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 00-375 (DWF) |
| Plaintiff, | |
| v. | **ORDER** |
| Edward Ross Bergren, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on the government's Motion to Dismiss Defendant's Motion Under 28 U.S.C. § 2255 as Time-Barred. (Doc. No. 114.)[1] For the reasons set forth below, the Court grants the motion.

## BACKGROUND

In 2000, Defendant was arrested on an outstanding warrant, and police found five boxes of ammunition in Defendant's car.[2] In February 2001, Defendant pleaded guilty to being a felon in possession of ammunition. (Doc. No. 21.) Defendant was sentenced to a 23-month term of imprisonment followed by three years of supervised release. (Doc.

---

[1] Defendant Edward Ross Bergren ("Defendant") filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (Doc. No. 109). On January 4, 2021, the Court ordered Defendant to file his response to the government's motion to dismiss by January 25, 2021. Defendant has not filed a response and, therefore, this motion is unopposed.

[2] At the time of his arrest, Defendant had an extensive criminal history, including the possession of marijuana, possession of a firearm by a convicted felon, receiving stolen property, auto theft, kidnapping, and assault.

No. 27.) Defendant had until August 7, 2001 to file a direct appeal. Defendant did not do so.

During his period of supervised release, Defendant was convicted of a series of violent Minnesota State assault offenses and sentenced to 244 months in prison. On March 16, 2007, this Court then sentenced Defendant to 18 months at a revocation proceeding, to run consecutively to the state sentence. (Doc. No. 81.) Defendant did not appeal. Defendant completed his state sentence and began to serve his federal sentence on March 19, 2020.

On April 3, 2020, Defendant filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c), seeking compassionate release under the First Step Act. (Doc. No. 86.) The Court denied the motion. (Doc. No. 94.) Defendant appealed, but later moved to dismiss the appeal, which was granted by the Eighth Circuit on June 11, 2020. (Doc. Nos. 99, 105.)

On September 28, 2020, Defendant filed a self-styled "Pro Se Request for Update In Status of Case," wherein Defendant asserts that he is making a second request for the status of a § 2255(f)(3) motion regarding *Rehaif* relief that he claims that he sent in June 2020. (Doc. No. 108.) Defendant's § 2255 motion was date stamped by the Clerk of Court as received by mail and entered on the docket on October 16, 2020. (Doc. No. 109.)

## DISCUSSION

Defendant seeks relief from his conviction and sentence under § 2255(f)(3) based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In short, Defendant claims that he did

2

not know the elements of the offense to which he pleaded—namely, that he did not know he could not possess ammunition. (Doc. No. 109 at 4.)

In his motion, Defendant acknowledges that his judgment of conviction became final over one year before the date of his motion but asserts that his motion is not time-barred. Defendant asserts that under the doctrine of equitable tolling, his motion should be considered timely because he claims that he placed his motion in the prison mail on June 15, 2020. He "moves this Court to accept the remailing of his § 2255(f)(3) Motion as the same date of the initial submission of June 15, 2020." (Doc. No 109-1 at 5.)

Defendant's claims are governed by the statute of limitations set forth in 28 U.S.C. § 2255(f), which states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered applicable to cases on collateral review; or
>
> (5) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Motions that are not filed within the above time limits should be dismissed as untimely. *See Campa-Fabela v. United States*, 339 F.3d 993, 993-94 (8th Cir. 2003). Here, Defendant had until August 7, 2002 (one year after the judgment of his conviction became final) to file his § 2255 motion under § 2255(f)(1). The Clerk of Court received his motion on October 16, 2020, over eighteen years after the time limit expired. Therefore, his motion is untimely under § 2255(f)(1). Defendant does not dispute this point. Instead, Defendant bases his motion on § 2255(f)(3).

A defendant relying on a new right recognized by the Supreme Court may file a § 2255 motion within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). In *Rehaif*, the Supreme Court recognized a new right, holding that in order for a defendant to be guilty of unlawfully possessing a firearm, the defendant must know not only that he possessed a firearm, but also that he had a status that rendered such possession unlawful. 139 S. Ct. at 2194. Defendant argues here that to have knowingly pleaded guilty to the crime of being a felon in possession of ammunition, he would have had to have known that he had the relevant status (as a felon) so as to make possession of ammunition unlawful.

*Rehaif* was decided on June 21, 2019. Thus, Defendant had until June 21, 2020 to file his motion. Defendant's motion, however, was not filed until October 16, 2020, nearly four months after the one-year filing deadline. Therefore, his motion is untimely.

Defendant argues that equitable tolling should apply based on his claim that he placed his motion in the prison mail in June 2020 and that "mail/delivery issues" are to blame for the failure for it to be delivered before the one-year filing deadline. The doctrine of equitable tolling can—under "extraordinary circumstances"— apply to § 2255 motions. *United States v. Martin*, 408 F.3d 1089, 1092-93 (8th Cir. 2005). To invoke the doctrine, Defendant must show: (1) that he has been pursuing his rights diligently; and (2) some extraordinary circumstances stood his way. *See, e.g.*, *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). To invoke the "prisoner mailbox rule," the burden is on the prisoner to demonstrate the timely presentation of the disputed submission to prison authorities for mailing. *See Porchia v. Norris*, 251 F.3d 1196, 1198 (8th Cir. 2001). To meet the burden, the prisoner must, at a minimum, submit a sworn affidavit affirming that he deposited his mailing with prison authorities with the date on which he deposited the mailing, and he must indicate whether the prison facility operates a separate legal mailing system. *Id*. at 1198. If the prison facility does operate a separate legal mailing system, the prisoner must demonstrate that he deposited his mailing in the legal mailing system. *Id*.

The Court finds that no circumstance exists on the record before the Court that would support the application of equitable tolling in this case. Defendant claims that he placed his motion in the prison mail in June 2020. Even though he submits under the penalty of perjury that he signed his motion and handed it over to a prison official on June 15, 2020, he offers no proof of the mailing, such as a receipt or confirmation from the BOP, a copy of the post-marked envelope in which his motion was mailed, or even

5

the name of the officer to whom he claims to have handed his motion for mailing. Defendant also mentions that his prison facility had been on lockdown because of the COVID-19 pandemic, but he fails to explain how the lockdown prevented him from timely filing his motion or affected the processing of the mail. In addition, Defendant points to two letters (one dated in August 2020, but not docketed by the Court, and a second letter docketed by the Court in September 2020) where he inquires into the status of his case. These letters are insufficient to invoke equitable tolling, as they were both received by the Clerk of Court months after the filing deadline. For these reasons, equitable tolling does not apply to this case and Defendant's motion is untimely.

Even if Defendant's § 2255 motion was timely, Defendant cannot succeed on the merits of his claim. Under *Rehaif*, Defendant must have known that he had a relevant status (that he had been convicted of a crime punishable by imprisonment for a term exceeding one year) so as to prohibit the possession of ammunition. Defendant was sentenced and has served multiple prison terms longer than one year. Knowledge can be inferred by circumstantial evidence and, here, Defendant's convictions and sentences demonstrate knowledge and preclude relief under *Rehaif*. Indeed, because Defendant was sentenced and served a sentence that exceeded a year shows that he necessarily knew he had been so sentenced. *See, e.g.*, *Rehaif*, 139 S. Ct. at 2198 ("[W]e doubt that the obligation to prove a defendant's knowledge of his status will be [] burdensome" as "knowledge can be inferred from circumstantial evidence."); *United States v. Bugh*, 459 F.Supp.3d 1184, 1189-90 (8th Cir. 2020) (holding defendant cannot succeed on the merits of his *Rehaif* claim because, while the jury was not properly instructed that it must

find that he knew he was a felon at the time he possessed a firearm, there was "no question" that defendant knew he had been previously convicted of a crime punishable by more than one year). There is no question that Defendant knew he had been convicted of a crime punishable for a term exceeding one year.

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Defendant's claims. A § 2255 motion can be dismissed without a hearing if: (1) Defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States,* 162 F.3d 981, 983 (8th Cir. 1998). Applying that standard to Defendant's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case. Not only is Defendant's motion untimely, but his claims are facially inadequate.

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). The Court has considered whether issuance of a COA is appropriate. *See Tiedeman v. Benson,* 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo,* 16 F.3d 878, 882-83 (8th Cir.1994) (citing *Lozado v. Deeds,* 498 U.S. 430, 432 (1991) (*per curiam*)). Defendant has not, therefore, made the "substantial showing of the

denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

## ORDER

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the entire procedural history and record in this matter, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1. The government's motion to dismiss Defendant's § 2255 motion (Doc. No. [114]) is **GRANTED.**

2. Defendant's *Pro Se* motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Doc. No. [109]) is respectfully **DENIED** as untimely and it is **DISMISSED WITH PREJUDICE.**

3. No evidentiary hearing in required in this matter.

4. No certificate of appealability will be issued to Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: April 30, 2021	s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge